IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,237-01






EX PARTE RONNIE LEE WILSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 18,701-B IN THE 124TH JUDICIAL DISTRICT COURT


FROM GREGG COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to sixty-six years' imprisonment. The Eleventh Court of Appeals affirmed his conviction.
Wilson v. State, No. 11-92-124-CR (Tex. App. - Eastland, December 30, 1993, no pet).

 Applicant contends that the State failed to disclose favorable evidence to the defense, and
failed to correct perjured testimony at trial, and that he has newly discovered evidence of his actual
innocence. Although the habeas record is sufficient to address Applicant's claims, Applicant has
filed objections to the trial court's findings of fact, conclusions of law, and order which must be
addressed before this Court can act upon this application. In his objections, Applicant points out that
the habeas judge signed the findings of fact, conclusions of law, and order on November 3, 2009. 
However, the judge who signed the findings, conclusions and order was not appointed to preside in
the convicting court until November 24, 2009, and was not sworn in as the judge of the court until
December 4, 2009.

 The trial court shall make findings of fact as to whether the findings of fact, conclusions of
law and order signed on November 3, 2009, are the findings, conclusions and order which the
properly appointed trial judge wishes to submit to this Court. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 3, 2010

Do not publish